UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID J. FUNARO, JR.

                       Plaintiff,

    v.                                                1:25-cv-00706 (AMN/PJE)

CITY OF GLENS FALLS; GLENS FALLS
POLICE DEPARTMENT; HUNTER McKENNA;
ZACHARY SWARTZ,

                       Defendants.

---

APPEARANCES:                              OF COUNSEL:

FINN LAW OFFICES                   RYAN M. FINN, ESQ.
12 Sheridan Avenue
Albany, New York 12207
*Attorneys for Plaintiff*

MURPHY BURNS GROUDINE LLP       STEPHEN M. GROUDINE, ESQ.
407 Albany Shaker Road
Loudonville, New York 12211
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On May 16, 2025, Plaintiff David J. Funaro Jr. filed a Summons with Notice in New York State Supreme Court, Warren County, alleging claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York state law, against the City of Glens Falls (the "City"), the Glens Falls Police Department ("Police Department"), and Glen Falls Police Department Officers Hunter McKenna and Zachary Swartz (together, "Individual Defendants") (collectively with the City and Police Department, "Defendants"). Dkt No. 1-1. Plaintiff's claims arise out of incidents relating to his

arrest by the Individual Defendants on June 15, 2024. *Id.* at 3.[1]  Plaintiff previously filed a Notice of Claim in Warren County ("Notice of Claim") indicating his intention to file state law claims against Defendants on September 13, 2024.  Dkt. No. 17-2.

Defendants removed this action to the Northern District of Northern New York on June 4, 2025, along with a demand for a complaint.  Dkt. No. 1.  Plaintiff filed a complaint on June 24, 2025, *see* Dkt. No. 6, and Defendants filed a motion to dismiss on July 14, 2025.  Dkt. No. 14.  On August 4, 2025, Plaintiff amended his complaint as of right.  Dkt. No. 16 ("Amended Complaint"); *see* Fed. R. Civ. P. 15(a)(1)(B).

Presently before the Court is Defendants' partial motion to dismiss the Amended Complaint for failure to state a claim, Dkt. No. 17 (the "Motion"), Plaintiff's opposition, Dkt. No. 21, and Defendants' reply in further support.  Dkt. No. 23.  For the reasons set forth below, the Court grants the Motion in part and denies it in part.

## II.   BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record. *Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.  The Parties

Plaintiff is an individual residing in the state of New York.  Dkt. No. 16 at ¶ 10.  The City is a municipal corporation organized under New York law, *see id.* at ¶ 11, and the Police

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Department is a department of the City. *Id.* at ¶ 12. The Individual Defendants are both employed by the City as officers in the Police Department. *Id.* at ¶ 13.

### B. The Amended Complaint

The Court presumes the Parties' familiarity with the facts as alleged in the Amended Complaint. *See generally id.* Plaintiff brings claims against all Defendants for false arrest, fabrication of evidence, unlawful entry, and excessive force pursuant to Section 1983, as well as state law claims for assault, battery, and false arrest. *Id.* at ¶¶ 59-80.

Plaintiff alleges that on March 18, 2024, Defendant Swartz conducted a routine traffic stop of Plaintiff's vehicle. *Id.* at ¶ 16. During the stop, Plaintiff alleges that he requested to speak to a supervisor after he and Defendant Swartz engaged in a verbal dispute regarding whether his vehicle registration was suspended. *Id.* at ¶¶ 17-18. Plaintiff further alleges that Defendant Swartz "became noticeably hostile and angry," told Plaintiff that he was going to physically remove him from the vehicle, and then "lunged" through the driver's side window. *Id.* at ¶¶ 19-20, 22. Plaintiff then fled the scene in his vehicle, alleging that he feared for his safety. *Id.* at ¶ 23.

Defendants submit a copy of a warrant to arrest Plaintiff issued on March 20, 2024, which sets forth charges for fleeing an officer in a motor vehicle, resisting arrest, and obstruction of governmental administration. Dkt. No. 17-3. Defendants also submit a Certificate of Disposition that enumerates charged misdemeanors and traffic violations relating to the traffic stop on March 18, 2024. Dkt. No. 17-4.

On June 15, 2024, the Individual Defendants went to Plaintiff's home to arrest him on the March 20, 2024 warrant. Upon arriving at Plaintiff's home, Plaintiff was in his backyard. Dkt. No. 16 at ¶ 25. Plaintiff alleges that Defendant Swartz called out, "Hey David, what's up man, I got your [license] plates." *Id.* Plaintiff ignored Defendant Swartz and entered his home, closing

the exterior door behind him. *Id.* at ¶ 26. According to Plaintiff, Defendant Swartz proceeded to follow Plaintiff into his home, entering through the exterior door, and as he approached the interior door, he yelled at Plaintiff to "get over here." *Id.* at ¶¶ 27-28. Plaintiff then pushed against the door to prevent Defendant Swartz from entering, but Defendant McKenna subsequently joined Defendant Swartz, resulting in the Individual Defendants successfully pushing through the interior door. *Id.* at ¶¶ 29-30. Thereafter, Plaintiff ran from his kitchen to his living room, causing Defendant Swartz to tackle Plaintiff to the ground and arrest him. *Id.* at ¶¶ 32, 34.

Plaintiff also alleges that he did not resist arrest and complied with the Individual Defendants' commands. *Id.* at ¶ 35. Yet, according to Plaintiff, during his arrest, Defendant Swartz repeatedly punched Plaintiff in the face and slammed his knee into Plaintiff's testicles, while Defendant McKenna kneed Plaintiff in the back and testicles. *See id.* at ¶ 37. This purportedly caused Plaintiff to sustain serious physical injuries and emotional trauma. *Id.* at ¶ 38.

Following his arrest, Plaintiff was charged with felony assault upon a police officer—a class D felony—as well as resisting arrest and obstruction of governmental administration. *Id.* at ¶ 39; *see* Dkt. No. 17-5. According to Plaintiff, his felony assault charge was based entirely upon false statements made by Defendant Swartz and Lieutenant Ryan S. Pedone, a non-party. Dkt. No. 16 at ¶¶ 40, 42-43.

Ultimately, Plaintiff pled guilty to and was convicted of one misdemeanor count of fleeing an officer in a motor vehicle in the third degree in satisfaction of the charges relating to the traffic stop on March 18, 2024, and one misdemeanor count of obstructing governmental administration in the second degree in satisfaction of the charges relating to his arrest on June 15, 2024. *Id.* at ¶ 56; Dkt. No. 17-1 at ¶ 9; *see also* Dkt. No. 17-6.

### III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers*, 282 F.3d at 152-53).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff

5

has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## IV.   DISCUSSION

Defendants move to dismiss all claims except for Plaintiff's excessive force claim against the Individual Defendants. *See* Dkt. No. 17.

### A.  Materials Considered

As an initial matter, Defendants attach several extrinsic materials to their Motion: Plaintiff's Notice of Claim, the warrant for Plaintiff's arrest, a certificate of disposition showing charges related to the traffic stop of March 18, 2024, a certificate of disposition showing charges related to the arrest on June 15, 2024, and a certificate of disposition showing the charges to which Plaintiff pled guilty. *See* Dkt. Nos. 17-2-17-6.

Defendants argue that the Court should consider the arrest warrant because the Amended Complaint incorporates it by reference. Dkt. No. 17-8 at 6-7. Plaintiff does not respond to this argument. The Court agrees with Defendants that the Court can consider the arrest warrant because it is both incorporated by reference, *see* Dkt. No. 16 at ¶¶ 27, 54, 80, and integral to the Amended Complaint. *See Mortimer v. City of New York*, No. 15-cv-7186, 2018 WL 1605982, at *10 (S.D.N.Y. Mar. 29, 2018) (considering the arrest warrant in case alleging false arrest because the third amended complaint "relies heavily on the terms and effect of the arrest warrant," concluding that it is integral to plaintiffs' claims); *see also Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks and citation omitted)).

Defendants also argue that the Court should take judicial notice of the three certificates of disposition.  Dkt. No. 17-8 at 7.   Plaintiff seeks to have the Court consider the contents of the Notice of Claim and one of the certificates of disposition, but does not contest that the Court may take notice of the other certificates of disposition.  *See* Dkt. No. 21 at 6-7.  The Court may take judicial notice of the Notice of Claim and the certificates of disposition because they are matters of public record.  *See, e.g.*, *Clark v. New York City Hous. Auth.*, 514 F. Supp. 3d 607, 611 n.3 (S.D.N.Y. 2021) (taking judicial notice of notice of claim documents for purpose of assessing viability of claim under N.Y. Gen. Mun. L. § 50-e); *Smith v. City of New York*, No. 12-cv-4572, 2013 WL 6158485, at *1 (S.D.N.Y. Nov. 25, 2013) (taking judicial notice of plaintiff's certificate of disposition).

Accordingly, the Court will consider the arrest warrant, the Notice of Claim, and the three certificates of disposition in adjudicating the Motion.

### B.  The Police Department

Next, Plaintiff cannot sue the Police Department separate and apart from the City because it is an administrative arm of a municipality and therefore not a legal entity.  "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."  *Schachtler Stone Prods., LLC v. Town of Marshall*, No. 21-cv-1100 (AMN/MJK), 2024 WL 4025862, at *10 (N.D.N.Y. Sept. 3, 2024) (quoting *Town and Country Adult Living, Inc. v. Village/Town of Mount Kisco*, No. 17-cv-8586, 2019 WL 1368560, at *13 (S.D.N.Y. Mar. 26, 2019)); *see also Gray v. Coeymans Police Dep't*, No. 16-cv-1239, 2020 WL 871179, at *8 (N.D.N.Y. Feb. 21, 2020) (dismissing claim against town-defendant's police department because it cannot be sued as an

entity separate from the town). Both Parties agree. *See* Dkt. No. 17 at 6; Dkt. No. 21 at 3. Thus, the Court dismisses the Police Department from this action.

### C. The City

Plaintiff's Section 1983 claims against the City must also be dismissed because Plaintiff has not plausibly pled a *Monell* claim. Municipalities are not liable under Section 1983 "unless action pursuant to official municipal policy of some nature causes a constitutional tort." *Glassman v. City of New York*, 557 F. App'x 97, 98 (2d Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "To bring a claim for municipal liability under *Monell*, [a plaintiff] must plausibly allege the existence of an official policy or custom that caused him to be denied a constitutional right." *Thomas v. Town of Lloyd*, 711 F. Supp. 3d 122, 138 (N.D.N.Y. 2024) (citations omitted). "The existence of a municipal policy or custom may be plead in any of four ways: '(1) a policy formally adopted and endorsed by the municipality; (2) actions taken by policymaking officials that caused the particular deprivation alleged; (3) practices by subordinate officials that are not expressly authorized but are so widespread and consistent that policymakers must have been aware of them; or (4) a failure by policymakers to train or supervise that amounts to deliberate indifference to the rights of those who come into contact with the inadequately trained or supervised municipal employees.'" *Mendez v. Cayuga Cnty.*, No. 21-cv-1090, 2024 WL 1251541, at *3 (N.D.N.Y. Mar. 25, 2024) (quoting *Crawley v. City of Syracuse*, 496 F. Supp. 3d 718, 729 (N.D.N.Y. 2020)). "Boilerplate statements that county employees were acting in accord with a municipal policy, with no facts to support those statements, are not sufficient to support a *Monell* claim." *Forrest v. Cnty. of Greene*, 676 F. Supp. 3d 69, 76 (N.D.N.Y. 2023) (internal quotation marks and citation omitted). "Once a plaintiff has demonstrated the existence of a municipal policy, a plaintiff must then establish a causal connection, or an 'affirmative link,'

8

between the policy and the deprivation of his constitutional rights." *Mendez*, 2024 WL 1251541, at *3 (quoting *Deferio v. City of Syracuse*, 770 F. App'x 587, 589 (2d Cir. 2019)).

Here, Plaintiff's allegations are conclusory and fail to sufficiently plead a *Monell* claim against the City. Specifically, Plaintiff alleges that Lieutenant Pedone, who is not a party to this action, fabricated evidence in his capacity as a supervisor by falsely stating in a "Use of Force" report that body camera footage showed Plaintiff punching Defendant Swartz. Dkt. No. 16 at ¶¶ 43-44. Plaintiff further alleges that Lieutenant Pedone's falsehood, together with Defendant Swartz's falsehoods, establish the existence of "an informal, unwritten rule" permitting Glens Falls police officers to fabricate evidence to paint criminal defendants as aggressors in order to justify the use of force, *see id.* at ¶ 44, and that this informal rule is "well settled" to the point of being "standard operating procedure." *Id.* at ¶ 45. However, a single instance of alleged misconduct is insufficient to infer a policy or custom under *Monell*.[2] *See Taranto v. Putnam Cnty.*, No. 21-cv-2455, 2023 WL 6318280, at *16 (S.D.N.Y. Sept. 28, 2023) (noting that "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality" (citations omitted)); *see also Jones v. Town of East Haven*, 691 F.3d, 72, 85 (2d Cir. 2012) (holding that pleading only two or three instances of a constitutional violation falls "far short of showing a policy, custom, or usage"). Accordingly, Plaintiff's conclusory allegations are insufficient to support a *Monell* claim against the City.

Similarly, Plaintiff fails to establish a failure to train as a policy for purposes of *Monell* liability. While Plaintiff alleges that the City is responsible for the "hiring, training, supervision, discipline, management, policies and other aspects of the functioning of the Police Department[,]"

---

[2] At no point does Plaintiff allege that Defendant Swartz or Lieutenant Pedone were official policymakers for the City.

*see* Dkt. No. 16 at ¶ 14, Plaintiff fails to allege any specific facts that plausibly suggest that the City's policymakers failed to train or supervise their employees.  Plaintiff alleges that the City "ratified the conduct" of Defendants Swartz and McKenna "by reviewing the body cam footage (which shows that plaintiff was not an aggressor, did not throw a punch, attempt a headlock, or bite the officers) yet upholding the use of force" by Defendants Swartz and McKenna as appropriate.  *Id.* at ¶ 46.  However, even if the Court assumes that Plaintiff's allegations regarding the Individual Defendants' use of force is true, "where the only evidence of a policy . . . is a failure to discipline the defendant officers, a policy condoning unconstitutional action by the [municipality] cannot be inferred."  *Harris v. City of New York*, No. 22-cv-1763, 2026 WL 308963, at *5 (S.D.N.Y. Feb. 5, 2026) (citations omitted).  Thus, these allegations are also insufficient to support a *Monell* claim against the City.

For these reasons, the Court dismisses Plaintiff's Section 1983 claims against the City.

### D.  False Arrest

"A [Section] 1983 false arrest claim is grounded in the Fourth Amendment right of an individual to be free from unreasonable seizures."  *LaFever v. Clarke*, 525 F. Supp. 3d 305, 329 (N.D.N.Y. 2021) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).  The Court considers Plaintiff's false arrest claims under Section 1983 and New York state law together, as they are substantially the same.  *See Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017) ("Claims for false arrest and false imprisonment are synonymous under New York law, and both are substantially the same as a [Section] 1983 claim for false arrest." (internal quotation marks omitted)).

To state a claim for false arrest under Section 1983, a plaintiff must show that "(1) a defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3)

the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Adams v. City of New York*, No. 21-cv-3956, 2023 WL 2734611, at *4 (E.D.N.Y. Mar. 31, 2023) (internal quotation marks and citations omitted). Regarding the fourth element, in the context of an arrest, "an act of confinement is privileged if it stems from a lawful arrest supported by probable cause." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (citation omitted). "A police officer has probable cause to arrest when he has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Hulett*, 253 F. Supp. 3d at 494 (quoting *Jackson v. City of New York*, 939 F. Supp. 2d 235, 249 (E.D.N.Y. 2013) (quoting *Weyant*, 101 F.3d at 852)). If an officer has probable cause to arrest, that constitutes "a complete defense to an action for false arrest, whether that action is brought under state law or under [Section] 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant*, 101 F.3d at 852) (internal quotation marks omitted).

As relevant here, a subsequent conviction generally bars a false arrest claim under Section 1983 because false arrest claims by their very nature challenge the validity of the arrest. *See Moore v. City of Syracuse*, 711 F. Supp. 3d 143, 146-47 (N.D.N.Y. 2024) (citations omitted); *see also Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986) ("Where the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest."). Here, Plaintiff alleges that his claim for false arrest is "limited solely to a claim that the plaintiff was arrested, detained, and jailed on the felony assault charge."

Dkt. No. 16 at ¶ 72.[3]  While Plaintiff pled guilty to one count of obstruction of governmental administration in satisfaction of all the criminal charges for which he was arrested on June 15, 2024, including the felony assault charge, *see id.* at ¶ 56, "a false arrest claim is barred even where the civil rights plaintiff pl[ed] guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested." *Burris v. Nassau Cnty. Dist. Att'y*, No. 14-cv-5540, 2017 WL 9485714, at *6 (E.D.N.Y. Jan. 12, 2017) (internal quotation marks and citations omitted), *report and recommendation adopted*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017); *see also Parkinson v. Town of Niskayuna*, No. 22-cv-70, 2023 WL 8574309, at *4 (N.D.N.Y. Dec. 11, 2023) (concluding that "[b]y pleading guilty to the crimes charged from the purportedly false arrest, or to any lesser-included offenses to resolve all of the crimes charged, a plaintiff concedes as a matter of law that there was probable cause for all charges covered by the plea agreement") (citation omitted).

Thus, Plaintiff's subsequent conviction bars his Fourth Amendment claim for false arrest as a matter of law.  For these reasons, the Court dismisses Plaintiff's claims for false arrest under Section 1983 and New York state law.[4]

---

[3] Plaintiff does not dispute the validity of the arrest warrant issued against him, *see* Dkt. No. 21, nor do Defendants argue that the Individual Defendants had presumptive probable cause to arrest Plaintiff pursuant to the warrant.  *See* Dkt. Nos. 17-8, 23.

[4] To the extent that Plaintiff argues that his allegations regarding fabricated evidence support "a false arrest claim based upon a malicious prosecution theory," *see* Dkt. No. 21 at 8, the Court notes that false arrest and malicious prosecution constitute two separate claims and Plaintiff does not raise a cause of action for malicious prosecution. *See generally* Dkt. No. 16; *see, e.g.*, *Bornschein v. Herman*, 304 F. Supp. 3d 296, 300-03 (N.D.N.Y. 2018) (plaintiff brings both false arrest and malicious prosecution claims against defendants).

### E. Fabrication of Evidence[5]

A Section 1983 plaintiff "may sue for denial of the right to a fair trial based on a police officer's fabrication of information . . . when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 274 (2d Cir. 2016). To succeed on a fabrication of evidence claim, Plaintiff must establish that "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (quoting *Garnett*, 838 F.3d at 279) (brackets omitted). Additionally, "the underlying criminal proceeding [must] be terminated in such a manner that the lawsuit does not impugn an *ongoing* prosecution or *outstanding* conviction." *Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021) (citations omitted) (emphasis in original). "This requirement may be satisfied where a criminal conviction has been invalidated or a criminal prosecution has been terminated in the criminal defendant's favor because, in such circumstances, there is no risk that a [S]ection 1983 plaintiff's claim will impugn an existing conviction or the basis for an ongoing prosecution." *Id.*; *see also Williams v. City of New York*, No. 21-cv-3005, 2025 WL 2782810, at *10 (E.D.N.Y. Sept. 27, 2025) (noting that "fabrication of evidence claims can accrue at two distinct points—when a 'criminal proceeding has ended in the defendant's favor,'

---

[5] Plaintiff seeks to bring his fabrication of evidence claim under both the Fourth and Fourteenth Amendments. Dkt. No. 16 at 8-9. "When a plaintiff brings both Fourth and Fourteenth Amendment claims that arise out of the same conduct by defendants, the two claims may not proceed simultaneously." *Fraser v. City of New York*, No. 20-cv-5741, 2022 WL 3045524, at *2 (E.D.N.Y. Aug. 1, 2022) (citations omitted). Because a fabricated evidence claim implicates the right to a fair trial and "sounds in the Due Process Clause," courts adjudicate such claims under the Fourteenth Amendment. *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023).

i.e., acquittal, or when 'a resulting conviction has been invalidated within the meaning of [*Heck v. Humphrey*, 512 U.S. 477 (1994)]'" (quoting *McDonough v. Smith*, 588 U.S. 109, 120 (2019)).

Here, Plaintiff was convicted of obstruction of governmental administration, *see* Dkt. No. 16 at ¶ 56.  Plaintiff's conviction has not been reversed on appeal, expunged, declared invalid, or otherwise called into question.  *Cf. Parker v. Kraham*, No. 25-cv-6438, 2026 WL 570521, at *9 (W.D.N.Y. Mar. 2, 2026) (dismissing fabrication of evidence claim because it would call into question plaintiff's ongoing prosecution, noting that the prosecution must end without a conviction before plaintiff may proceed with the claim).  Accordingly, because Plaintiff's fabrication of evidence claim would impugn his outstanding conviction, the Court dismisses Plaintiff's fabrication of evidence claim.

### F.  Unlawful Entry

The Fourth Amendment protects against "unreasonable searches and seizures."  U.S. Const. amend IV.  "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable."  *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks and citations omitted).

Plaintiff contends that the Individual Defendants entered his home without knocking, announcing a warrant, or stating that Plaintiff was under arrest.  Dkt. No. 16 at ¶ 27.  Defendants argue that exigent circumstances justified their entry into Plaintiff's home unannounced because Plaintiff physically resisted arrest by immediately fleeing from his backyard upon hearing and seeing the Individual Defendants, and Plaintiff has a history of fleeing from the police.  *See* Dkt. No. 17-8 at 12-13; Dkt. No. 23 at 7.

"Under the emergency aid doctrine, exigent circumstances exist permitting entry if law enforcement has probable cause to believe that a person is 'seriously injured or threatened with

such injury.'" *Chamberlain ex rel. Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) (quoting *Brigham City*, 547 U.S. at 403). "Whether such an urgent need existed 'turns on [an] . . . examination of the totality of the circumstances confronting law enforcement agents in the particular case.'" *Crespo v. City of New York*, 781 F. Supp. 3d 125, 131 (E.D.N.Y. 2025) (quoting *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990) (en banc)). "The core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer, to believe that there was an urgent need to render aid or take action." *Chamberlain*, 960 F.3d at 106 (quoting *United States v. Klump*, 536 F.3d 113, 117-18 (2d Cir. 2008)).

Here, based on the facts as alleged by Plaintiff, the Court cannot conclude that a reasonable, experienced officer would be justified in concluding that entry into Plaintiff's home was necessary. Specifically, Plaintiff alleges that Defendant Swartz called out to him about his license plates while he was in his backyard, and after ignoring Defendant Swartz and entering his home, Defendant Swartz followed him, ultimately pushing through the interior door, with the help of Defendant McKenna, then tackling Plaintiff to the ground. Dkt. No. 16 at ¶¶ 25-27, 30, 32, 34. Plaintiff does not allege any facts indicating that "a person within the house [was] in need of immediate aid." *Michigan v. Fisher*, 558 U.S. 45, 47 (2009); *compare United States v. Ashburn*, No. 11-cr-303, 2014 WL 1800409, at *5, 5 n.6 (E.D.N.Y. May 6, 2014) (finding that emergency aid doctrine justified entry to search for shooting victims where there was evidence that shots had been fired, and collecting cases); *with Greene v. City of New York*, 725 F. Supp. 3d 400, 420 (S.D.N.Y. 2024) (finding that an uncorroborated 911 call paired with officers' prolonging their entry to have a colloquy with plaintiff and his fiancé could not support probable cause for exigent circumstances).

15

Accordingly, Defendants' motion to dismiss Plaintiff's unlawful entry claim on the basis of exigent circumstances is denied.

### G. Assault and Battery Claims

Lastly, Defendants contend that Plaintiff's assault and battery claims under New York state law must be dismissed because Plaintiff did not include assault and battery claims in his Notice of Claim. *See* Dkt. No. 17-8 at 7-8. Plaintiff argues that the Notice of Claim must be read liberally to include claims of assault and battery because the allegations contained in the Notice of Claim encompass the same conduct that underlies assault and battery claims. *See* Dkt. No. 21 at 3-5.

"A notice-of-claim statute generally provides that no action may be brought . . . or maintained against certain government entities without first providing written notice of the claim." *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York*, No. 16-cv-1201, 2018 WL 840056, at *8 (N.D.N.Y. Feb. 12, 2018). "[A] plaintiff cannot sue a municipality or any of its officers, agents, or employees unless he first serves a notice of claim on the municipality within 90 days after the claim arose." *King v. City of New York*, 581 F. Supp. 3d 559, 577 (S.D.N.Y. 2022) (internal quotation marks and citation omitted), *aff'd*, No. 22-231, 2023 WL 2398679 (2d Cir. Mar. 8, 2023); *see also* N.Y. Gen. Mun. Law § 50-e. The notice must state the nature of the claim, as well as the time, place, and manner in which the claim arose. *See O'Brien v. City of Syracuse*, No. 22-cv-948, 2023 WL 6066036, at *22 (N.D.N.Y. Sept. 18, 2023) (citing N.Y. Gen. Mun. Law § 50-e(2)). A plaintiff "may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change . . . the nature of the earlier claim or assert a new one." *LeClair v. Raymond*, No. 19-cv-28, 2020 WL 5027278, at *13 (N.D.N.Y. Aug. 25, 2020) (citations omitted).

Here, Plaintiff's Notice of Claim asserted "physical injuries" based on allegations of, among other things, "police brutality" and "excessive force."  Dkt. No. 17-2 at 1.  "Although the notice must set forth the nature of the claim, it need not state a precise cause of action *in haec verba*."  *Rentas v. Ruffin*, 816 F.3d 214, 227 (2d Cir. 2016) (internal quotation marks and citations omitted).  In this case, Plaintiff's allegations are sufficiently similar to claims of assault and battery under New York state law such that Defendants were adequately notified that Plaintiff may bring assault and battery claims against them.  *See, e.g.*, *Jimenez on behalf of J.M. v. Cnty. of Suffolk*, No. 23-cv-9476, 2025 WL 948348, at *20 (E.D.N.Y. Mar. 28, 2025) (finding that notice of claim containing allegations of police officers causing "physical bodily injury" and noticing "all common law torts" was sufficient to raise assault and battery claims); *Green-Page v. United States*, No. 20-cv-837, 2024 WL 3584194, at *5 (W.D.N.Y. July 30, 2024) (finding that allegations in notice of claim that mentioned "assault" but not "battery" or "physical injuries" were sufficient to provide notice to defendants that plaintiffs intended to assert a battery claim).

In reply, Defendants contend that Plaintiff's assault and battery claims under New York state law are duplicative of his excessive force claim pursuant to Section 1983.  *See* Dkt. No. 23 at 4.  This argument is without merit.  *See, e.g.*, *Lalonde v. City of Ogdensburg*, 662 F. Supp. 3d 289, 311 (N.D.N.Y. 2023) (permitting plaintiff's assault and battery claims under New York state law to proceed alongside plaintiff's Fourth Amendment excessive force claims based upon the same factual circumstances); *cf. Burdick v. New York State Police*, No. 14-cv-1254, 2015 WL 1954616, at *6 (N.D.N.Y. Apr. 28, 2015) (finding that assault and battery claims *asserted under Section 1983* are duplicative of plaintiff's Section 1983 excessive force claim); *Acquah v. City of Syracuse*, No. 18-cv-1378, 2019 WL 3975463, at *4 (N.D.N.Y. Aug. 22, 2019) (same).

Accordingly, Defendants' motion to dismiss Plaintiff's assault and battery claims under New York state law is denied.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's claims against the Police Department be **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's false arrest claims under Section 1983 and New York state law against the Individual Defendants be **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's fabrication of evidence claims against the Individual Defendants be **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's Section 1983 claims against the City be **DISMISSED without prejudice**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's unlawful entry claim against the Individual Defendants is **DENIED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's assault and battery claims under New York state law is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 23, 2026
        Albany, New York

Anne M. Nardacci
U.S. District Judge